UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY D. WILSON,
        Plaintiff,

        v.        09-CV-2013

USA,
        Defendant.

MEMORANDUM OPINION AND ORDER

Before the court are the plaintiff's motion for return of property [2] and the defendant's response [6].

Background

The plaintiff, Larry D. Wilson was arrested on August 4, 2007 following a bank robbery. On March 3, 2008, he appeared before the Honorable Michael P. McCuskey and entered a plea of guilty for this offense. On May 8, 2008, he was sentenced to a 23 year term of imprisonment. During the criminal proceedings, the plaintiff filed a pro se motion for return of property. The plaintiff claims that Judge McCuskey struck his motion. Now the plaintiff, Larry D. Wilson seeks the return of various property either seized from him or his co-defendant, Ezra Martin, during his arrest while fleeing a bank robbery, or from a search warrant executed on the defendant's house in Danville, Illinois.

In response to the plaintiff's motion, the defendant advises the court that some of the property was introduced as evidence in the trial of Wilson's co-defendant, Ezra Martin and therefore this evidence is properly retained by the Clerk of the Court. Five items introduced as evidence, the revolver and ammunition, the United States currency, and two GPS trackers, were withdrawn by the FBI at the conclusion of the trial. The .357 caliber revolver has an obliterated serial number and is illegal to possess pursuant to 18 U.S.C. 922(k). Defendant advise the court that the revolver will likely be destroyed at the conclusion of any appeal by co-defendant Martin. The United States currency and GPS tracking devices will be returned to the rightful owner, the victim First Federal Savings Bank. (*See* attached affidavit of FBI Special Agent Steve Evans with receipts [6]). All the remaining property belonging to the defendant was returned to his counsel, David Rumley. (*See* attached affidavit of FBI Special Agent Steve Evans with receipts [6]). The United States, therefore, does not possess any of the defendant's property.

The plaintiff filed a reply in which he asserts that the defendant did not address the retention of two cell phones. On May 14, 2009, the plaintiff and the defendant, represented by Colin Bruce, appeared before the court. Mr. Bruce advised the court that the cell phones were introduced as evidence in a pending criminal case (the case of co-defendant Ezra Martin) and is properly retained by the Clerk of the Court. As such, this court is without authority to determine what is proper as to the retention or return of the cell phones. This case is dismissed, without

prejudice. The plaintiff can revisit this issue when Ezra Martin's criminal case ends.

It is therefore ordered:

1. Based on the foregoing, the plaintiff's lawsuit is dismissed, without prejudice.

Enter this  21st   day of May 2009.

**s\Harold A. Baker**
_____
Harold A. Baker
United States District Court.